UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Annette Williams and all others similarly situated,<br>*Plaintiffs*<br><br>vs.<br><br>The City of Minneapolis, Officers John Doe 1-100<br>*Defendants* | Case No: 0:20-cv-1303<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Annette Williams (hereinafter "Plaintiff"), by and through her attorneys, for her Complaint against Defendants and on behalf of all others similarly situated, upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

**Factual Introduction**

1.  On May 25, 2020, Minneapolis Police Department officer Derek Chauvin killed an unarmed and restrained black man, George Floyd, by kneeling on the man's neck for nearly nine minutes. Video of the incident was distributed worldwide via social media, resulting in mass protests across the country.

2.  On May 28, 2020, Ms. Williams an African-American female, was peacefully protesting police tactics against communities of color on a public sidewalk within the city when, without notice, a member of the Minneapolis Police Department drove past and sprayed a chemical respiratory irritant on Ms. Williams and her daughter.

3. The officer in question sprayed this irritant out of the driver's window perpendicular to the path of travel of the vehicle and after several vehicles had already freely navigated the street.

4. Stated otherwise, the officer was not attempting to clear a path for the vehicles but was instead using the irritant on the protestors located on and around the sidewalk area.

5. This encounter, including the unidentified police officer's spraying of the crowd, was captured on camera and uploaded to various social media sites.

6. On information and belief, the officer in question used the irritant in retaliation for the protestors' opposition to police tactics.

7. The protestors in question were fully peaceful and were not presenting any danger to others or to the Minneapolis police officers in the vehicles.

8. The chemical irritant caused Ms. Williams and others to remove their facemasks worn to protect against the transmission of COVID-19 and to begin to cough uncontrollably.

9. The Plaintiff has since suffered from labored breathing and chest pain interfering with her daily activities.

10. The direct result of Defendants' actions was a chilling effect, discouraging protestors from exercising their constitutionally protected rights to free speech in addition to exhibiting a deliberate indifference to Plaintiffs' constitutional rights and medical needs guaranteed under the Eighth Amendment to the U.S. Constitution.

11. In a further demonstration of city and Police efforts to quell free speech and peaceful protests, on May 29, 2020, the Minneapolis Police arrested a CNN news crew in the middle of a live broadcast, underscoring the city and police force's open infringement on first amendment rights.

12. It is also true that in numerous instances throughout the city, police have tried to corral and concentrate protestors using multiple forces to engage protestors from opposing directions.

13. After this effort to concentrate protestors is complete, the police utilize tactics such as gassing the protestors, shooting them with non-lethal projectiles, and using percussion grenades to injure protestors such that they again disperse.

14. This "corral and combat" strategy has no tactical purpose other than injuring otherwise peaceful protestors.

15. Defendants' actions and inactions have also resulted in personal injury to each of the class members.

16. As a result of Defendants' conduct, various class members have suffered from personal injury, anxiety, fear, and have been chilled in their lawful right to protest and publicly speak against government brutality and actions of violence against members of black and minority communities.

## PARTIES

17. Plaintiff Annette Williams is an adult who resides in St. Paul, Minnesota.

18. Defendant City of Minneapolis is a municipality in the State of Minnesota. The City is liable under a Monell theory. (*Monell v. Department of Social Services*, 436 U.S. 658 (1978) (hereinafter "Monell")

19. Defendants John Doe 1 ("Doe 1") is the Minneapolis Police Officer who sprayed the aforementioned chemical irritant from his vehicle at Ms. Williams.

20. John Does 2-100 are reserved for others who worked together with Defendants to effectuate the harm complained of herein.

21.     At times relevant herein all Defendants acted with deliberate indifference, intent to harm, deliberate disregard for the rights of Plaintiff, and/or malice, in their interactions with Plaintiff. The constitutional torts complained of herein were clearly established at the time.

## JURISDICTION

22.     Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over this matter, which arises in part under the laws of the United States including 42 U.S.C. §1983. This Court has the authority to take jurisdiction over all other claims, as supplemental jurisdiction.

## CLASS ALLEGATIONS

23.     Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(1)(B), (2) and (3) related to all claims for which monetary, injunctive, and declaratory relief is sought.

24.     This Class is defined as: "All peaceful protestors who have been injured as a result of Defendants' actions and who have thereafter been reluctant to speak out against police violence against citizens."

25.     A class action is the only practicable means by which Plaintiffs and unknown members of the class can challenge Defendants' illegal actions.

26.     As set forth below, this action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

27.     **Numerosity:** The exact sizes of the class is unknown by Plaintiff, but the Class plainly meets the numerosity requirement, thereby making joinder impracticable. Based on eyewitness accounts and videos widely distributed on social media, hundreds of otherwise peaceful demonstrators have been unnecessarily subjected to chemical irritants and other unnecessary police tactics directed at otherwise peaceful protestors.

28. The Class consists of hundreds of people who cannot or will not be able to afford to retain counsel and litigate their cases though to judgment. The class is forward-looking with the potential for new members to join the Class on an ongoing basis as citizens continue to be subjected to such behavior.

29. Finally, members of the proposed Class are spread out across the metro area and potentially the state and include hundreds of low-income individuals who lack financial resources to bring an independent action or to be joined in this action. Putative members of the class include countless young adults, persons presently engaged in job transitions, and persons searching for work after recent COVID-19 layoffs: It is reasonable to assume such persons would also be unable to afford counsel to bring their own separate action against Defendants.

30. **Commonality:** All persons comprising the proposed Class are equally suited in that all individuals are or were protected under federal law.

31. Accordingly, Plaintiff raises claims based on questions of law and fact that are common to, and typical of, the putative class members of the Class she seeks to represent. Common questions of fact include:

   a. Whether Defendants and/ or their agents sprayed protestors with chemical irritants because they disagreed with their opinions.

   b. Whether the "Corral and Combat" behavior serves a legitimate government purpose.

   c. Whether the individual Defendants committed acts of police brutality.

   d. Whether the Defendants acted with deliberate indifference to the rights of protestors.

   e. The scope of knowledge of police and city officials.

32. Common questions of law include:

    a. Whether Defendants acted in violation of the protestors' civil rights.

    b. Whether the Defendants committed acts of unnecessary force.

    c. Whether the Defendants committed acts of police brutality.

    d. Whether individuals have suffered harm sufficient to bring their claims in court.

33. The relief sought for the proposed Class is common to all members of that respective Class. Plaintiffs seek relief enjoying the police from using such tactics against protestors. They additionally seek: (a) an order preventing Defendants from using force against individuals solely on the basis they disagree with their political views concerning police tactics, (b) an order prohibiting the "corral and combat" strategy, and (c) monetary relief for past injuries.

34. **Typicality:** The claims of Plaintiff are typical of the claims of the Class as Plaintiff and all members have suffered and will continue to suffer harm from the complained of tactics of the Minneapolis police department.

35. Because Plaintiff and the proposed class members challenge the same conduct of Defendants, Defendants will likely assert similar defenses against Plaintiff and the proposed Class members. Moreover, the answer to whether Defendants' tactics are unlawful under §1983 will determine the success of the claims of the named Plaintiff and every other proposed Class member. If Plaintiff succeeds in the claim that Defendants have violated §1983, that ruling will likewise benefit every other member of the proposed Class.

36. **Adequacy:** Plaintiff will fairly and adequately represent the interests of the proposed Class she seeks to represent.

    a. Plaintiff has no interests separate from, or in conflict with, those of the proposed Class she seeks to represent and seeks no relief other than the monetary, declaratory, and injunctive relief sought on behalf of the entire proposed Class.

37. **Rule 23(b)(2):** Class action status under Rule 23(b)(2) is appropriate because the Defendants have acted or failed and/or refused to act on grounds that generally apply to the proposed Class, such that preliminary and final monetary, injunctive, and declaratory relief is appropriate and necessary with respect to each member of the Class. Specifically, pursuant to §1983, the Defendants have systematically deprived individuals of their constitutional rights, privileges and immunities. The acts and omissions of Defendants are generally applicable the proposed Class.

38. Accordingly, (a) a declaration that Defendants have infringed on the first amendment rights of members of the class, (b) an injunction prohibiting Defendants from continuing such behavior, and (c) monetary relief for all individuals harmed by Defendants' illegal actions to date, would benefit every member of each of the proposed Class.

39. **Rule 23(g):** Plaintiff respectfully requests that the undersigned be appointed as Class Counsel. Counsel is well suited to represent the class as counsel has extensive experience representing individuals in matters involving civil rights in federal court and has ample knowledge of the relevant statutory law. Counsel has previously litigated matters against various arms of the state and negotiated settlements correcting illegal behaviors with various municipalities. Counsel has the resources, expertise, and experience to prosecute this action.

# COUNT I

**Violation of 42 U.S.C. §1983**
**(Against all Defendants)**
(On behalf of Plaintiff and the Class)

40. Plaintiff realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows:

41. This claim arises under Title 42 of the United States Code (Civil Rights Act of 1964, as amended), including but not limited to §1983.

42. Defendants acted alone and/or together (2 or more in concert), and one or more of them committed some act in furtherance of the conspiracy to violate Plaintiff's rights and those of the Class as peaceful protestors (and Plaintiff and proposed class members were damaged).

43. Defendants deprived Plaintiff of her rights, privileges, and immunities secured by the United States Constitution, and specifically the Fourteenth Amendment to the United States Constitution, in conjunction with other rights, including but not limited to the following clearly established rights:

   a. **Excessive force**. There was no basis for John Doe 1 to use force and/ or the force used was excessive. The City of Minneapolis is liable under a *Monell* theory, including but not limited to the fact that civilians have made numerous complaints against such use of force, including complaints about the use of tear gas during times of the pandemic. Policymakers were on notice of the potential harm that the Minneapolis police present to members of the community (specially members of the black community), and one or more complaints has been received, yet the city City of Minneapolis/Police Department failed to prevent John Doe 1 from injuring civilians.

   b. **Retaliation**.

      i. John Doe 1 retaliated against Williams and other protestors for protesting

8

      police tactics when interacting with communities of color, in violation of Williams' and the rights of the other protestors as established by the First Amendment, Due Process clause/s and/ or equal protection.

    ii. The tactics used by both John Doe 1 and the other officers involved would chill a person of ordinary firmness, for exercise of First Amendment Rights, without a lawful purpose.

    iii. The City is liable due to the pattern of retaliatory conduct, and the lack of controls on police conduct to prevent same (failure to have a policy where there should be a policy constitutes a *Monell* violation).

44. Defendants (and each of them) knew they were violating the federal law and constitutional rights of Plaintiff and/ or acted with intent and/ or deliberate indifference to the rights of Plaintiff as noted above, or with malice.

45. The Defendants acted under color of law (public officials acting alone and/or conspiring with private officials) of a statute, ordinance, regulation, resolution, policy, custom or usage when they deprived Plaintiff of his Constitutional rights, privileges, and immunities.

46. As a direct and proximate result of the Defendants' conduct, inaction, policy or customs as set forth in more detail above, Plaintiff and other protestors suffered the deprivation of their constitutional and/or federal statutory rights and suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

47. By reason of the foregoing, Plaintiff is entitled to an injunction against Defendants, prohibiting them from further harassing, threatening, retaliating, intimidating, or otherwise tampering with Williams and other peaceful demonstrators.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief in the form of an injunction against Defendants, and each of them, and/ or as follows:

1. Judgment in a reasonable amount in excess of $50,000 and including, but not limited to, compensatory damages.

2. Interest on the aforesaid amounts;

3. Awarding to Plaintiff her reasonable attorney fees and costs and disbursements incurred herein;

4. Issuing a temporary and/or permanent prohibitory injunction prohibiting Defendants, their officers, agents, employees, and successors, from engaging in the illegal practices complained of herein.

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated: May 29, 2020         Hutton, Madgett, & Klein, PLLC

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
1161 E Wayzata Blvd, Suite 314
Wayzata, MN 55391
(612) 470-6529
dmadgett@madgettlaw.com

ATTORNEYS FOR PLAINTIFF